No. 52,460

STATE OF KANSAS, *Petitioner,* v. JAMES F. SWOYER, JR., *Respondent.*

(619 P.2d 1166)

This original proceeding in discipline was filed against James F. Swoyer, Jr., an attorney duly admitted to practice law in the State of Kansas. A panel of the Kansas Board for Discipline of Attorneys held a hearing on a complaint against Mr. Swoyer and filed its report, omitting formal and preliminary portions, as follows:

"The panel makes the following findings of fact:

"1) James F. Swoyer, Jr. is an attorney in good standing admitted to practice in Kansas. He has practiced in Oskaloosa, Kansas, for many years. Mr. Swoyer and his wife, Martha Swoyer, and one other person, practice under the firm name of Swoyer & Swoyer. The pleadings of the office files customarily bear the style Swoyer & Swoyer, and any publication notices in probate and other matters carried the name Swoyer & Swoyer.

"2) The respondent was attorney for Raymond Pittam during all of 1979.

"3) Mr. Pittam had had some business reverses and had to close the restaurant which he ran. Mr. Pittam and Elizabeth Woods were buying a residence under contract. They retained Mr. Swoyer to help them sell their interest in the residence. Mr. Pittam gave Mr. Swoyer a written Power of Attorney to authorize Mr. Swoyer to wind up his business affairs and sell the residence.

"4) Mr. Swoyer was still engaged in representing Mr. Pittam on November 15, 1979. On that date, Edith Orr visited with Mr. Swoyer in his office about a claim she had against Mr. Pittam for wages and for some expenses she said she paid on Pittam's behalf. Mr. Swoyer advised Mrs. Orr to file suit against Mr. Pittam.

"5) A Petition was prepared and filed in the District Court of Jefferson County, Kansas, Edith Orr, Plaintiff v. Raymond F. Pittam and Elizabeth R. Woods, Defendants, Case No. 79C164, on November 15, 1979. The Petition was signed personally by Edith Orr. It indicated on the lower lefthand side of the first page 'Swoyer & Swoyer, P. O. Box 333, Oskaloosa, Kansas.' Martha N. Swoyer signed the verification as notary public. Martha N. Swoyer received a receipt for $35.00 docket fee on November 15 when the case was filed. A memorandum from the Clerk of the District Court was sent to James F. Swoyer, Jr., on November 15, 1979, indicating that the Orr v. Pittam case had been assigned to the Magistrate Judge for hearing. On December 5, 1979, the sheriff's fee for serving the summons in St. Joseph, Missouri, was paid out of the account of 'James F. Swoyer, Jr., Attorney', and the check was signed by Martha N. Swoyer.

"6) Raymond Pittam was in Mr. Swoyer's office on November 27, 1979, at which time Mr. Swoyer wrote a letter to the Internal Revenue Service in an effort to dispose of an Internal Revenue Service lien against Mr. Pittam's property.

"7) Mr. Pittam did not know of the Orr v. Pittam lawsuit until after November 27, 1979. He did not consent to Mr. Swoyer or Mr. Swoyer's office representing Mrs. Orr in a lawsuit against him.

"8) Mr. Pittam learned of the filing of the lawsuit about December 1, 1979. He immediately complained to Mr. Swoyer and to the Disciplinary Administrator.

"9) On March 13, 1980, Mr. Swoyer filed a pleading in the Orr v. Pittam lawsuit requesting an order authorizing him to remove the firm name of Swoyer & Swoyer from the Petition for the reason that the plaintiff filed her Petition 'per se'.

"10) An order authorizing that change was filed the same date.

"Also on the same date, Mr. Swoyer prepared and filed a Journal Entry of Judgment against Mr. Pittam which recited that the plaintiff appears 'per se'.

"The panel makes the following conclusions of law:

"A. James F. Swoyer, Jr., was representing Raymond Pittam as his attorney on November 15, 1979, and before. In addition to acting as Pittam's attorney at law, Swoyer had a fiduciary duty as Pittam's attorney in fact.

"B. Mr. Swoyer did give advice to Edith Orr, other than the advice to secure counsel, when the interests of Edith Orr were in conflict with the interests of his client in violation of D.R. 7-104(a)2.

"C. Although the Petition filed on behalf of Mrs. Orr was signed by her 'per se', it was prepared by the office of James F. Swoyer, Jr., and he was representing her in filing this Petition. His acceptance of this employment, whether paid or not, is in violation of D.R. 5-105(a).

"D. Mr. Swoyer's action in advising Mrs. Orr and in filing the Petition against Mr. Pittam prejudiced Mr. Pittam's rights in violation of D.R. 7-101(a)(3).

"The respondent contends that as he had been given Power of Attorney by Mr. Pittam to handle Pittam's affairs with regard to Pittam's restaurant business, and as the claim of Mrs. Orr was connected with the restaurant business, he was simply carrying out his client's wishes in attempting to secure payment for Mrs. Orr. The panel is not convinced by this argument. If it had been Mr. Pittam's intention to encumber what property he had left under the control of Mr. Swoyer, it would appear that Mr. Swoyer could have granted a mortgage or other type of lien much easier than he could have filed a Petition in District Court against his client.

"The respondent also contends that he is not responsible for filing the Orr lawsuit for the reason that all he did was advise Mrs. Orr to file the case herself. It is admitted that the Petition was typed in Swoyer's office, the court costs were paid by Swoyer's office, and that the Journal Entry of Judgment was prepared by Mr. Swoyer and filed by Mr. Swoyer. Where Mr. and Mrs. Swoyer were both attorneys, and practiced under the name of Swoyer & Swoyer for several years, and worked together on almost all legal matters in the office, and filed pleadings bearing the style Swoyer & Swoyer, and were both listed in the Kansas Legal Directory under the firm name Swoyer & Swoyer, Mr. Swoyer's arguments that she was a sole practitioner and not really associated with him do not have much weight.

"It is the panel's recommendation that James F. Swoyer, Jr., be disciplined by public censure."

Mr. Swoyer took no exceptions to the report as filed by the Board. We have carefully reviewed the record and being fully advised, adopt and concur in the report of the Board and its recommendations.

IT IS THEREFORE BY THE COURT ORDERED, ADJUDGED AND DECREED

that James F. Swoyer, Jr. be and he is hereby disciplined by public censure and is further ordered to pay the costs of this action.

IT IS FURTHER ORDERED that this Order of Public Censure shall be published in the official Kansas Reports.

BY ORDER OF THE COURT, dated this 6th day of December, 1980.